IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

ADAN REYES BARAHONA,                    )
                                        )
            Petitioner,                 )
                                        )
    v.                                  )       1:26-cv-1208 (LMB/IDD)
                                        )
TODD M. LYONS, et al.,                  )
                                        )
            Respondents.                )

ORDER

Petitioner Adan Reyes Barahona ("Barahona"), a native and citizen of Honduras, has

filed a two-count Petition for Writ of Habeas Corpus ("Petition") under 28 U.S.C. § 2241, in

which he asserts that he has been detained by the U.S. Department of Homeland Security's

("DHS") Immigration and Customs Enforcement ("ICE") agency without having received the

reasonable fear screening to which he is entitled. Specifically, he alleges that respondents'

failure to provide him with a reasonable fear screening violates DHS regulations (Count I) and

his due process rights (Count II).

Barahona is currently detained at the Farmville Detention Center, which is within this

Court's jurisdiction and the basis upon which he is suing Jeffrey Crawford, the warden of the

Farmville Detention Center. Barahona has also sued Todd M. Lyons, the Acting Director of

ICE; Joseph Simon, the Director of the ICE Enforcement and Removal Operations Washington

Field Office; Markwayne Mullin, the DHS Secretary; and Todd Blanche, the Acting Attorney

General (collectively, "the federal respondents"). For the reasons discussed in this Order, the

Court finds that Barahona did not receive an adequate reasonable fear screening because the

Form I-898, Record of Negative Reasonable Fear Finding and Request for Review by

Immigration Judge ("Form I-898") was not signed by Barahona or certified by the Spanish

language interpreter. Accordingly, Barahona's Petition will be granted in part, the federal respondents' Motion to Dismiss will be denied, and the federal respondents will be required to provide Barahona with a new reasonable fear interview, at which time the federal respondents must ensure that the Form I-898 is properly completed.[1]

I.

The following facts are undisputed. Barahona first entered the United States without inspection on or about June 30, 2018. [Dkt. No. 8-2] at ¶ 6. On July 5, 2018, he was encountered and apprehended by immigration officers in Edinburg, Texas. Id. ¶ 7. Barahona subsequently was served with a Form I-860, Notice and Order of Expedited Removal pursuant to 8 U.S.C. § 1225(b)(1)(A). Id. He was also convicted in the U.S. District Court for the Southern District of Texas of entering the United States illegally. Id. ¶ 8. Although Barahona expressed a fear of returning to Honduras, an asylum officer determined that he did not establish a credible fear of persecution or torture if returned to Honduras, and an Immigration Judge affirmed that decision. Id. ¶¶ 10–11. On October 11, 2018, Barahona was removed from the United States to Honduras. Id. ¶ 12.

In 2019, Barahona again entered the United States without inspection. [Dkt. No. 1] at ¶ 19. On April 10, 2026, he was arrested by ICE officers and served with a Form I-871, Notice of Intent/Decision to Reinstate Prior Order pursuant to 8 U.S.C. § 1231(a)(5). [Dkt. No. 8-2] at ¶ 14. On May 4, 2026, Barahona was convicted in the U.S. District Court for the Eastern District of Virginia of illegal reentry, sentenced to time served, and transferred to ICE custody. Id. ¶ 15. On May 6, 2026, he filed the pending Petition, arguing that he had not yet received the

---

[1] As to Barahona's request for release, the Court finds that Barahona, who is subject to a reinstated removal order, has not established that he is entitled to be released from ICE custody.

2

reasonable fear screening to which he was entitled; however, on May 7, 2026, Barahona was referred to U.S. Citizenship and Immigration Services for a reasonable fear interview. Id. ¶ 17. According to the Form I-898, on May 15, 2026, an asylum officer determined that Barahona did not establish a reasonable fear of persecution or torture if removed to Honduras, and the form also includes an indication that Barahona opted not to request review by an Immigration Judge of that decision; however, as shown below, that form was not signed by Barahona or certified by a Spanish language interpreter:

| | | |
|---|---|---|
| **REYES-BARAHONA** | **ADAN** | |
| Applicant's Last Name / Family Name (Print) | Applicant's First Name (Print) | Applicant's Signature |
| ██████████ | | 05/15/2026 |
| Asylum Officer | | Date |

The contents of this form were read and explained to the applicant in the **SPANISH** language

**Interpreter used:**

By telephone (list interpreter service /ID number used _____ ██████████ _____).

In person (I, _____, certify that I am fluent in both the **SPANISH** and English languages. I interpreted the above information completely and accurately to the alien.)

_____          _____
Interpreter's Signature                  Date

[Dkt. No. 8-1].

## II.

The federal respondents contend that Barahona's Petition must be dismissed because "DHS conducted a reasonable fear interview and Petitioner opted to not have such decision reviewed," meaning that "there is no longer a 'live' controversy before this Court." [Dkt. No. 8]

3

at 3. That argument is unavailing. As Barahona persuasively argues, the Form I-898 "does not establish a valid waiver" of Barahona's right to seek Immigration Judge review of the negative fear determination. [Dkt. No. 10] at 1–2. Based on the record before the Court, it is impossible to determine whether Barahona agreed to waive Immigration Judge review of the negative fear determination because it does not appear that he signed the Form I-898, and there is no certification by the Spanish language interpreter that she is "fluent in both the **SPANISH** and English languages" and interpreted the information to Barahona "completely and accurately." [Dkt. No. 8-1] at 5 (alterations in original). Therefore, the Court finds that Barahona is entitled to a new reasonable fear interview, at which time the federal respondents must complete the Form I-898 in its entirety.

### III.

For these reasons, Barahona's Petition, [Dkt. No. 1], is GRANTED IN PART, the federal respondents' Motion to Dismiss, [Dkt. No. 7], is DENIED, and it is hereby

ORDERED that by June 9, 2026, the federal respondents provide Barahona with a new reasonable fear screening with a proper certification reflected in a completed Form I-898 that the proceedings were translated for him and that he understood his option to either seek or reject review by an Immigration Judge if the asylum officer determined that he did not have a reasonable fear of returning to Honduras.

The Clerk is directed to enter judgment in Barahona's favor pursuant to Federal Rule of Civil Procedure 58, forward copies of this Order to counsel of record, and close this civil action.

Entered this 1st day of June, 2026.

Alexandria, Virginia

/s/

Leonie M. Brinkema
United States District Judge

4